DICKERSON v. BRIDGES et al., Appellants.

**Division One, December 23, 1898.**

1. **United States Homestead:** EXECUTION SALE. A sale, under a jūdgment and execution, of the interest of one who has entered land under the United States Homestead Act, before he obtains a patent, carries no interest in the land, and the purchaser gets no title by the sheriff's deed.

2. ——: PRIVATE SALE: MORTGAGE. One who has entered land under the United States Homestead Act, can mortgage the same before the issuance of the patent. The language of the statute, that no land acquired by a homesteader "shall in any event become liable to the satisfaction of any debt contracted prior to the issuance of the patent therefor," simply means that the land can not be sold under general execution against him. It does not prevent him, before the patent has been issued, from creating by contract, for his own benefit, a special lien thereon.

3. ——: ALIENATION: MORTGAGE. A mortgage is not an alienation of land within the meaning of section 2291, Revised Statutes of United States, which prohibits the issuance of a patent to a homesteader until he makes affidavit that "no part of such land so entered by him has been alienated." Alienation is not usually the purpose and intent of a mortgage.

4. ——: POSSESSION BY MORTGAGEE. The old rule of the common law that, upon the execution of a mortgage, the mortgagee and not the mortgagor became the legal owner of the estate and entitled to its possession, no longer prevails in this State.

5. ——: PRIORITY OF MORTGAGES. A homesteader made entry of a tract of land, gave a mortgage to defendant which was the same day recorded, and a year later commuted his homestead entry into a cash entry, received a receipt for the full amount due thereon, and the next day executed a mortgage to plaintiff, which was recorded, and a few months later a patent was issued to the homesteader. *Held*, that the first mortgage was the prior lien, that the record thereof was constructive notice of its existence, and that the fact that the patent had not been issued nor the money paid therefor at the time of the execution and record of the first mortgage, did not affect its validity.

6. **Void Mortgage: SUBSEQUENT REFORMATION.** If a deed of trust is void, subsequent judgment in favor of the beneficiary, reforming a wrongful description therein, is of no value.

*Appeal from Greene Circuit Court.*--Hon. JAMES T. NEVILLE, Judge.

REVERSED.

LINCOLN & LYDY for appellants.

(1) A homesteader or preemptioner can make a valid mortgage or deed of trust upon his interest in the land which he occupies prior to final proof or commutation, a mortgage or deed of trust not being a grant or conveyance or an alienation within the meaning of the homestead and preemption laws of the United States. R. S. U. S., sec. 2291; Lang v. Morey, 42 N. W. Rep. 88; Spies v. Newberg, 37 N. W. Rep. 417; Orr v. Stewart, 7 Pac. Rep. 693; Jones v. Tainter, 15 Minn. 512; Fuller v. Hunt, 48 Ia. 163; Nycum v. McAlister, 33 Ia. 374; Norris v. Heald, 29 Pac. Rep. 1121; Wilcox v. John, 40 Pac. Rep. 880; Orr v. Ulyatt, 43 Pac. Rep. 916; Duell v. Potter, 70 N. W. Rep. 932; Blanchard v. Jamison, 15 N. W. Rep. 212; Dickerson v. Cutburth, 56 Mo. App. 647. (2) And the question of forfeiture can be raised only by the United States, and may be waived, and courts will not anticipate action of United States as to the matter. The homesteader is the owner against all the world except the United States. Larison v. Wilbur, 47 N. W. Rep. 381. (3) In this State a deed of trust or mortgage is regarded as a mere security for the debt, the same as in the above authorities. Pease v. Pilot Knob Iron Co., 49 Mo. 124; Masterson v. Railroad, 72 Mo. 342; Hargadine v. Henderson, 97 Mo. 375; Fischer v. Johnson, 51 Mo. App. 157; Logan v. Railroad, 43 Mo. App. 71. (4) If the homesteader can make a valid deed of trust before final proof, it must follow that recording the same as provided by the

recording act will give notice to subsequent purchasers.    The record should be searched from the date of original entry. Digman v. McCollum, 47 Mo. 372; Edwards v. McKernan, 55 Mich. 520; R. S. 1889, sec. 2418; 20 Am. and Eng. Ency. of Law, 535; Freeman v. Moffitt, 119 Mo. 280; Wickman v. Green, 123 Mo. 189; Wade on Notice [2 Ed.], sec. 18. (5)    The deed of trust purported to convey a fee simple absolute estate and contained the covenants implied in the words "grant, bargain and sell."    The legal title acquired by the common grantor inured to the benefit of the holder of the incumbrance.    R. S. 1889, secs. 2402 and 8835; Cock-rill v. Bane, 94 Mo. 444; Boyd v. Haseltine, 110 Mo. 203; Callahan v. Davis, 90 Mo. 78; Reid v. Board of Education, 73 Mo. 295.

J. J. COLLINS for respondent.

(1)    A mortgage or deed of trust executed by a home-steader or preemptor upon land entered under the homestead or preemption laws of the United States, is void when given prior to the issuing of the final receipt by the receiver of the land office.    Gilkerson Sloss Com. Co. v. Forbs, 15 S. W. Rep. 191; Webster v. Bowman, 25 Fed. Rep. 889; Shepley v. Cowan, 91 U. S. 338; Barney v. Dolph, 97 U. S. 652; Hutchings v. Low, 15 Wall. 87; Anderson v. Carking, 135 U. S. 483.    (2)    When a homesteader has fulfilled all of the requirements of the homestead laws and received his final certificate, he can lawfully mortgage his homestead, entered under the United States homestead law.    Newkirk v. Marshall, 10 Pac. Rep. 571; Webster v. Bowman, 25 Fed. Rep. 889; Dickerson v. Cutburth, 56 Mo. App. 647; Lang v. Morey, 42 N. W. Rep. 88.    (3)    A recorded deed by one who has no title but who afterwards acquires the title by a recorded deed, is not constructive notice to a subsequent purchaser in good faith from the common grantor.    Ford v. Unity Church Society, 120 Mo. 498; Crockett v. Maguire, 10 Mo. 34; Dodd v. Williams, 3 Mo. App. 278.

ROBINSON, J.—In an action of ejectment for the land in suit between plaintiff as the purchaser thereof at foreclosure sale under a second deed of trust, against the defendant in possession as the purchaser under a first or prior deed of trust thereon by the same grantor, as well as purchasers thereof at execution sale against said grantor, the trial court upon the following facts rendered judgment in favor of plaintiff for the possession of the land.

Under the homestead laws of the United States, Henry Cutburth entered the tract of land in suit on December 28, 1885. On October 17, 1887, he and wife while in possession of the land, executed a deed of trust on same containing the usual covenants to William C. Price, trustee, to secure a note for $600 payable to Irwin W. Jenkins. On the thirty-first day of August, 1888, the said Cutburth commuted his homestead entry (as provided by the homestead act, then in force) into a cash entry, and on said day paid to the receiver of the United States district land office the full amount due thereon, and got his final receipt therefor. Afterwards on the third day of September, 1888, Cutburth and wife executed a second deed of trust to S. A. Haseltine, trustee for the use of the plaintiff in this action, intending to cover the land in suit, but described it inaccurately. This deed was filed for record on the fourth day of September, 1888. On the twenty-third of May, 1889, a patent to the land was issued to said Cutburth.

By a deed of trust bearing date September 3, 1888, but not filed for record until April 13, 1891, Cutburth and wife executed a second deed of trust to S. A. Haseltine for the use of the plaintiff on the land in suit, in which deed it is stated: "This deed of trust is made to correct the description made in a deed of trust of the above date recorded in book 38, page 141, recorder's office, Greene county, Mo., in which I made a mistake in giving the description of land

intending to cover the tract of 80 acres that I was then paying on," etc.

August 28, 1888, one James Hodnett obtained a judgment against said Cutburth for ———— dollars and afterwards had Cutburth's interest in the land sold on execution, and at said sale became the purchaser thereof and took a sheriff's deed therefor. By *mesne* conveyances defendant became the owner of that interest.

On January 19, 1893, plaintiff in this action obtained a judgment against Cutburth, correcting the misdescription in the deed of trust made by Cutburth and wife September 3, 1888, to S. A. Haseltine trustee, for use of this plaintiff, so as to make it cover the land in suit, and foreclosing the equity of redemption of said Cutburth therein, with an order that said land be sold to satisfy plaintiff's debt.

At the execution sale of said land under said judgment the plaintiff on May 25, 1894, became the purchaser thereof.

It is also shown by the finding of facts made by the trial court and filed herein, that the plaintiff Dickerson had no actual knowledge of the execution of the deed of trust made by Cutburth and wife on the seventeenth of October, 1887, at the time he loaned to Cutburth the money for which the second deed of trust was given as security, and that Cutburth was at the time in the possession of the land claiming same under his homestead entry. Under these facts, is the judgment of the trial court warranted?

To sustain same, respondent contends, first, that Cutburth's interest in the land was not liable to sale under general execution for debt before a patent had issued, hence no title passed to defendant through the sheriff's deed.

Second, that under the Federal Homestead Act, he could make no valid mortgage or deed of trust upon the land prior to the time he was entitled to make his final proof or prior to commutation to a cash entry and the issuance of the register's receipt for the money, hence defendants got

nothing under the first deed of trust made by Cutburth on October 17, 1887.

Third, that the record of the first deed of trust, if it be held good as between the parties thereto, was not constructive notice to plaintiff who took the second deed of trust in good faith and in actual ignorance of the first.

Fourth, that Cutburth had the right to mortgage this land to secure his indebtedness to plaintiff, after he had commuted his homestead in a cash entry and made his final payment thereon and had the register's receipt therefor, and before the actual issuance of the patent to him.

That defendant got nothing through the sheriff's deed to the land under the execution sale based on the judgment against Cutburth is unquestioned. That sale was in plain contravention of section 2296 of the Homestead Act, Revised Statutes, United States, 1878, which declares that "no lands acquired under the provisions of this chapter shall in any event become liable to the satisfaction of any debt contracted prior to the issuance of the patent therefor." In the case of Dickerson (the present plaintiff) against Cutburth and Hodnett decided in the 56 Mo. App. 647, that particular deed was declared worthless in so far as it sought to transfer the interest of Cutburth in the land in suit to the purchaser at that sale, and the appellant here has practically abandoned all claim of title through same, and seeks now to maintain himself solely through his purchase at trustee's sale under the first deed of trust made by Cutburth and wife October 17, 1887.

Every suggestion that is now made by respondent, predicated upon the restrictions against one who has entered upon public lands transferring or selling same, found in the provisions of section 2296, *supra,* or of section 2288 and 2291 of the same Act, applies with like force against the second as the first deed made by Cutburth now under consideration. If the provisions of these sections be held as restrictions

against the right of the homesteader mortgaging his land, because it is therein declared "the land shall not become liable to the satisfaction of any debt" or that the same shall not be "transferred by warranty against his own act" or "shall not be alienated," these restrictions go against the right to mortgage for any debt contracted prior to the issuance of patent. As to the time the restrictions contained in the above quoted sections reach, there can be no doubt. The language on that point is too clear and unambiguous to call for construction. "Prior to the issuance of the patent therefor," is the plain language used. The deed of trust under which plaintiff as well as defendants claim was made by Cutburth before the issuance of the patent to him, of the land in suit, so that upon that position plaintiff has no better standing than the defendants. If these sections of the Homestead Act are to be interpreted as prohibitions against the right to mortgage by the entryman, they will act alike fatal upon the title of both the plaintiff and defendants, and for that reason the plaintiff must fail in this his action of ejectment for the land. Nothing found in any of said sections can be construed as favoring a mortgage or deed of trust, made at any one period of time previous to the issuance of the patent over a similar mortgage or deed of trust made at any other previous time or date.

Nor can the judgment in plaintiff's favor against Cutburth and Hodnett, affirmed in the 56 Mo. App., reforming the deed of trust made by Cutburth on September 3, 1888, to secure plaintiff's loan (by correcting the mistake made therein as to the description of the land conveyed), and the establishing of the lien of plaintiff's deed of trust as paramount to the incumbrance claimed by Hodnett under his sheriff's deed to the land under the execution sale thereof on a judgment against Cutburth, and the order of foreclosure of the deed of trust so reformed, and plaintiff's purchase of the land at said foreclosure sale, in anywise affect

the contest between himself and the defendant, claiming under a prior deed of trust made by the same grantor, Cutburth. The judgment reforming the deed and establishing plaintiff's lien can have no more force than the original deed of trust of date September 3, 1888, had it been made as intended, to cover the land in suit.

Again, the question as to whether the homesteader or entryman had been upon the land one or five years, or whether he had made his final payment under the commutation section of the Homestead Act and taken the land receiver's receipt therefor, affects merely the character and amount of the settler's interest in the land, but not his right to mortgage such interest as he has acquired in the land by reason of the act of entry and his improvement thereon.

The invalidity of the deed of trust made by the homesteader, Cutburth, can not be said to result for a want of a mortgageable interest, but must result, if at all, from some disability imposed upon the homesteader, or some exemption created in his favor which he is powerless to resist, found in the Federal statutes, from whence he got his right to enter and improve the land, and finally get his patent therefor.

The exemption in favor of the homesteader, found in section 2296, *supra,* "that his land shall not become liable to the satisfaction of any debts contracted prior to the issuance of the patent therefor," clearly was not intended to prevent him from creating by contract, for his own benefit, a special lien thereon. We think the obvious intention and meaning of that section is to protect the homesteader, and is in no sense a restraint upon him in the use of his land. Such is the statutes and such we think is the interpretation to be given section 2296 of the Homestead Act. The debts provided against by that section, are those that may be enforced by general execution against the debtor, and not burdens imposed thereon by his own volition. We know of no

instance where an exemption statute has been otherwise construed.

If the homesteader is not prevented from mortgaging his interest in the land on account of the conditions of section 2296, *supra,* is he by reason of the condition of section 2291 of the same Act which provides that no certificates shall be given or patent issued until the entryman "shall make affidavit that no part of such land so entered by him has been alienated, except as provided in section 2288 of said Act," which exception is, that the entryman, "shall have the right to transfer by warranty against his own acts, any portion of his preemption or homestead for church, cemetery or school purposes, or for the right of way of railroads across such preemption or homestead, and the transfer for such public purposes shall in no way vitiate the right to complete and perfect the title to his preemption or homestead."

To construe that section as a prohibition against the entryman mortgaging or placing a deed of trust upon his homestead before the issuance of a patent, we must hold that a mortgage is an alienation of land within the meaning of the law, which we do not believe. While the giving of a mortgage or deed of trust on land may result in its alienation, as did occur in this instance, such can not be said to be its purpose and intent. In fact, in most instances, it is given that one's land may be retained and alienation prevented.

The office of a deed of trust or mortgage is not to alienate the land but to create a lien thereon to secure the indebtedness therein specified to be paid, and which when paid leaves the mortgagee or beneficiary in the deed of trust without interest in, or right to the land, and is wanting in all the essential elements of alienation.

The old rule of the common law that upon the execution of a mortgage, the mortgagee and not the mortgagor

became the legal owner of the estate and entitled to its pos- . session, no longer prevails in this State.

The mortgagee is now treated as holding but a lien on the land, which still remains the property of the mortgagor, and his remedy for its enforcement is by foreclosure and sale, or after condition broken in its terms, to the possession thereof, that he may apply the rents and profits therefrom to the satisfaction of his debt, which when accomplished *ipso facto* defeats his right to its further possession or interest therein or thereto.

The execution of the first deed of trust by Cutburth before the issuance to him of the patent was no alienation of the homestead in contemplation of the inhibition against alienation found in any of the above mentioned sections of the Homestead Act and for that reason should not have been treated as invalid.

But finally, says the respondent, even though the deed of trust made by Cutburth be held valid and not in contravention of the provisions of the homestead or preemption act, still the record of it was not constructive notice to him at the time he took the deed of trust from Cutburth in September, 1888, and under which he now claims title, for the reason that he was required to search the record only from the time Cutburth, his grantor, acquired the legal title to the land. The rule invoked by respondent, "that a recorded deed by one who has no title, but who afterwards acquires title by a recorded deed, is not constructive notice to a subsequent grantee in good faith from the common grantor," has no application to the facts of this case whatever. Respondent has confounded Cutburth's right to a patent, on account of having commuted his homestead into a cash entry and made his final payment thereunder on the land, with the patent itself, by which alone, title to the land is acquired. Of what avail is the above rule to respondent, when the record in this case shows that Cutburth at the

time of making the deed of trust under which plaintiff claims, had not yet the legal title to the land.

But if we consider that a patent had been issued to Cutburth on the thirty-first day of August, 1888, the date he was entitled to the same, by reason of his proof and final payment on the land, instead of in the following May, when in fact it was issued, and that plaintiff's deed of trust had been taken thereafter, still he would be held to have had constructive notice of the first deed of trust, made by Cutburth October 17, 1887, and duly recorded on that date.

If plaintiff's deed of trust had been made after the date of the issuance of the patent to Cutburth, his inquiry for incumbrances should not have stopped with the date of the patent, or its registry, but obviously it should have been carried back to the date of the original entry by the homesteader, as that marks the date and source of the title, indicated by the patent. An examination of the records of the county to that date would have disclosed the first deed of trust made by Cutburth on October 17, 1887. That plaintiff took the deed of trust under which he now claims the land, in actual ignorance of the previous one made to defendant's grantors, is of no avail to him under the facts of this case. What he ought to have discovered from an examination of the records, the law presumes he found and his actual want of notice can not be held to work to his benefit or to the defeat of defendant, who did all the law required of him, by placing the deed of trust he had a right to take, upon the records of the county. Ignorance of what one should know, can never be made to accomplish what the knowledge of its existence would operate to defeat or prevent.

The judgment of the circuit court will be reversed. BRACE, P. J., WILLIAMS and MARSHALL, JJ., concur.