[No. 4219.]

THE LITTLE DORRIT GOLD MINING COMPANY v. THE ARAPAHOE GOLD MINING COMPANY.

30  431
33  384
30  431
20a  206

1. **Instructions.**

Where the trial court adopted the theory of appellant and gave to the jury instructions requested, appellant cannot complain of the instructions on appeal, whether they are right or wrong.

2. **Mines and Mining—Default in Assessment Work—Relocation.**

A failure to perform the required annual labor upon a mining claim does not render it open to relocation, if the owners have resumed work upon the claim before it is relocated by any one else.

3. **Mines and Mining—Assessment Work—Work on one Claim for Benefit of Others.**

Assessment work can be performed on one claim for the benefit of several when there is a community of interest in all the claims for the benefit of which such work is done.

### 4. Same—Instructions—Burden of Proof.

In an adverse suit the court was requested to instruct the jury to the effect that although the burden of proof of forfeiture was always on the party relying on the same, yet if it appeared that the annual assessment for any year was not done on the claim, and it was claimed that the assessment work was done on another claim for the benefit of the claim in controversy, then the burden was on the owners of the claim to establish that the work done on another claim was intended as assessment work for the claim in controversy and tended directly and approximately to its development. The court refused the instruction, but gave substantially the same instruction, but instead of the word "forfeiture" used the word "abandonment." Held that the change in the instruction was not prejudicial error.

### 5. Instructions—Responsive.

In an adverse suit the jury asked for further instructions as to whether an amended survey of another claim belonging to the same parties taking in all the workings of the claim in controversy was an abandonment of the other portions of the controverted claim not included in the amended survey. The court instructed that the amended survey taking in workings of the controverted claim did not of itself amount to an abandonment. Held responsive to the question, and that the omission by the court from its instruction of the word "all" before the word workings was not reversible error in the absence of a request to supply the omission.

### 6. Instructions—Mines and Mining—Assessment Work.

An instruction in substance, that annual labor may be performed outside of a mining claim where it is shown that such labor is intended for the annual assessment upon such claim, and is of a character inuring to its benefit, is sufficient to inform the jury that it must be shown that the labor was intended as the annual assessment, and also that it was of a character that would inure to the benefit of the claim for which it was performed.

### 7. Instructions—Considered as a Whole.

Instructions must be considered as a whole, in determining what the trial judge has directed on any given subject.

### 8. Evidence.

Error committed in excluding evidence was cured by subsequently admitting the same evidence on cross examination of the witness.

**9.  Evidence—Immaterial—Harmless Error.**

In an adverse suit, where the issue was as to whether or not the original location had been abandoned, over objection a witness was permitted to testify that he notified the employees of the re-locator while at work on the discovery shaft that they were upon ground of the original location and had better get off and that they replied that they were being paid for their work and did not care whether they were sinking on ground subject to location or not. Held that while the evidence was immaterial it was not prejudicial.

*Appeal from the District Court of Teller County.*

Mr. GEORGE STIDGER and Mr. GEORGE S. REDD, for appellant.

Mr. A. B. SEAMAN and Mr. H. S. SILVERSTEIN, for appellee.

Mr. JUSTICE GABBERT delivered the opinion of the court.

The subject matter of controversy is the conflict between the Wild Cat and Dorrit lode mining claims. The former is owned by appellee and the latter by appellant. The Dorrit company applied for a patent upon its claim, which was adversed by the Arapahoe company, as the owner of the Wild Cat. The latter company brought an action in support of its adverse. From a judgment in favor of plaintiff, defendant appeals.

August 3, 1891, the Wild Cat was regularly located and all steps taken necessary to perfect a valid location. In September, 1895, the owners of the Wild Cat and other claims known as the Shira, Oscar D. and Hog Eye, pooled their interests and conveyed to a trustee, who applied for a patent for the three claims last named. The Wild Cat conflicted with these claims, and in the application for patent first made, no part of this conflict was excluded, but later, and before entry, a tract fifty feet square which in-

cluded the discovery of the Wild Cat, was excepted.
This tract, though located within the boundaries of
the Shira lode, as patented, was excepted from that
patent as part of the Wild Cat. In December, 1895,
the Dorrit was located on that part of the Wild Cat
embraced within its boundaries, not included in the
patent to the Shira and the other two claims named,
or the tract embracing the Wild Cat discovery shaft.
Prior to the application for patent, some develop-
ment work had been done on the Wild Cat, near its
north end, upon the ground which was afterwards
patented to one or the other of the three claims men-
tioned. It is claimed by counsel for appellant
that the action of the owners in embracing in the
application for patent that part of the Wild Cat
which included the discovery shaft and permitting
the workings at the north end to be patented to their
other claims amounted to an abandonment instanter
of that portion of the Wild Cat which has been lo-
cated as the Dorrit, and that after this action they
could not continue to hold the premises in dispute as
part of the Wild Cat by virtue of its original loca-
tion. The theory of counsel who tried the case on
behalf of appellant in the district court seems to
have been that the acts which counsel now claim
amounted to an absolute abandonment of the terri-
tory embraced within the limits of the Wild Cat lode
as a part of the Dorrit, was, that these acts might be
considered as evidence of abandonment of that terri-
tory. After the jury had retired, they returned into
court and requested the trial judge to advise them
whether, as a matter of law, the taking in of the Wild
Cat workings by the amended survey of the Shira
lode was an abandonment of the remainder of the
Wild Cat claim. Counsel for the Dorrit company
then asked the court to instruct the jury to the effect
that the mere fact that a part of the ground embraced

within the Wild Cat was included in the amended survey of the Shira lode, or that a part of the Wild Cat was patented to the Shira and other claims, would not amount to an abandonment of the remainder of the Wild Cat, but were circumstances tending to establish an abandonment of that part of the Wild Cat lode in controversy which it was proper for the jury to consider as bearing on that subject. The court refused to give the instruction requested, but on its own motion gave one which substantially covered the propositions embraced in that asked by counsel for the defendant. The theory of counsel for defendant, according to the instruction requested, was that the acts of the owners in patenting a part of the Wild Cat lode, and originally including in the application for patent the ground which embraced the discovery shaft (which was subsequently excluded), was merely evidence of, instead, as they now claim, an absolute abandonment of the ground in controversy. The court adopted their theory in answering the question of the jury, and, whether right or wrong, is wholly immaterial, because appellant is bound by the theory which its counsel advocated, and which the court adopted.—*De St. Aubin v. Marshall Field Co.*, 27 Colo., 414. None of the questions upon which it is now sought to predicate an absolute abandonment of that part of the Wild Cat in dispute, as well as the claim now made that by its segregation into distinct tracts, the ground claimed by the Dorrit became subject to location, were raised in the court below. To each of these propositions the general, but not inflexible, rule applies, that a court of review will not pass upon questions which the trial court was given no opportunity to decide.

In 1897 the trustee under the pool contract conveyed the Wild Cat and patented claims to the plain-

tiff. It is claimed by defendant that no assessment work was performed upon the Wild Cat for the years 1892-93, and that in 1894 only an affidavit of intention was filed. As we understand the argument of counsel, it is contended that the failure to do the assessment work for the years mentioned rendered the Wild Cat subject to location. This claim is without merit. It appears from the testimony that the assessment work for 1895 was performed in the early part of that year. The Dorrit was not located until December, 1895; so that even if it were true that the assessment work had not been performed upon the Wild Cat for the years mentioned, this fact cannot avail defendant, because the act of Congress, sec. 2324, Revised Statutes of the United States, provides that a failure to perform the annual labor upon a mining claim does not render it open to re-location, provided the owners have resumed work upon the claim before it is re-located by anyone else.—*McGinnis v. Egbert,* 8 Colo., 41.

It is also contended on behalf of defendant that the assessment work upon the Wild Cat was not performed for the year 1896 and the two following years, unless the work on the Oscar D. could be considered for this purpose. During these years the Wild Cat and patented claims were owned in common. Work can be performed on one claim for the benefit of several when there is a community of interest in all the claims for the benefit of which such work is done.—2 Lindley on Mines, § 630. It is also asserted that the evidence regarding the work of these years is insufficient to establish that it was intended for, or inured directly to, the benefit of the Wild Cat claim. Without attempting to notice in detail the testimony bearing on these subjects it is not sufficient to say that, in our opinion, it fully supports the finding of the jury on these questions which were sub-

mitted to them, and resolved in favor of the appellee.

On behalf of the appellant the court was requested to instruct the jury to the effect that although the burden of proof of forfeiture was always on the party relying on the same, yet if it should appear that the annual assessment was not done for any year on the Wild Cat lode or within its boundary lines, then the burden was on the plaintiff to establish that the work done on land other than the Wild Cat was intended as annual assessment work, and tended directly and approximately to its development. This was refused, but in lieu thereof the court gave substantially the same instruction, but instead of the word "forfeiture" employed the word "abandonment." This change is assigned as error. Whether or not there is a technical distinction between these words is immaterial. The purpose of the instruction given was to advise the jury in what circumstances the burden rested with the plaintiff to establish that the assessment work inured to the benefit of the Wild Cat lode, and this information was certainly conveyed from the language employed irrespective of any technical difference in the meaning of the words "forfeiture" and "abandonment." It is also claimed on behalf of appellant that the court, in answering the question of the jury as to whether "at the time of the amended survey   *   *   *   of the Shira   *   *   *   taking in all the Wild Cat workings—is that an abandonment of the other portions of the so-called Wild Cat claim," did not give an instruction which was responsive to the question. This contention is based upon the ground that the court advised the jury to the effect that the amended survey taking in workings of the Wild Cat lode did not of itself amount to an abandonment. The criticism offered is that the word "all" is omitted. The instruction given was responsive to the ques-

tion propounded by the jury. If counsel for appellant desired the jury more fully instructed on the subject, they should have made a request to this effect.—*Willard v. Williams,* 10 Colo. App., 141. Mere non-direction is not reversible error, in the absence of requests supplying the alleged omissions.— *Ruby Chief M. & M. Co. v. Prentice,* 25 Colo., 4. The court also instructed the jury, in substance, that annual labor may be performed outside a mining claim where it is shown that such labor is intended for the annual assessment upon such claim, and is of a character inuring to its benefit. This instruction is challenged upon two grounds: (1) That it is susceptible of the construction that it would be sufficient if such work was intended as annual assessment work, whether it inured to the benefit of the claim or not; and (2) because it failed to state, in effect, that such work must manifestly tend to the development of the claim for which it is performed. The first point is certainly without merit, because from the language employed it is clear the jury understood it must be shown that the labor was intended as the annual assessment, and further, that it was of a character that would inure to the benefit of the claim for which it was performed. If we concede that the court should have directed the jury to the effect that annual assessment work performed outside of the limits of the claim could not be counted as such unless it manifestly tended to the development of the claim, this proposition was fully covered by other and subsequent instructions on the subject, where it was stated that it must appear that such work was of such a character as tended approximately and directly to the development of the claim for the benefit of which it was performed. It was certainly proper to direct the jury that such work could only be counted when it inured to the benefit of the claim

which it represented, and when they were directed later what must appear before it could be considered as having this effect, the law as contended for by counsel for appellant was fully given. Instructions must be considered as a whole, in determining what the trial judge has directed on any given subject.— *McClelland v. Burns*, 5 Colo., 390.

Error is also assigned on the refusal of the court to permit a witness on behalf of the defendant to be interrogated as to what was stated to him by one of the co-owners of the Wild Cat with respect to the territory in dispute being subject to location at the time the Dorrit was located. It appears from the record that subsequently, on cross-examination, the witness testified substantially to the facts which it was sought to bring out on his examination-in-chief so that the error, if any, was cured.

Over the objection of defendant a witness was permitted to testify to what he stated to two employes of the locator of the Dorrit while at work on the discovery shaft, which was to the effect that they were upon Wild Cat ground, and had better get off, to which they replied, in substance, that they were being paid for their work, and they did not care whether they were sinking on ground subject to location or not. This testimony was, perhaps, immaterial, but, under the issues between the parties and the instructions of the court, could not have prejudiced defendant, and hence was harmless error.

The judgment of the district court is affirmed.

*Affirmed.*