[No. 5928.]

## KEEFER v. AMICONE.

1. **Instructions—Quoting Statute**—It is not error to quote in an instruction a section of the statute only part of the provisions of which apply in the particular case.—(112)

Not misleading, are harmless, even if erroneous.—(112)

2. **Appeals—What May Be Assigned for Error**—A party may not complain of an instruction substantially identical with one prayed by himself.—(113)

3. **Appeal from Justice of the Peace—Appeal by One, Judgment**—Where, in an appeal from a judgment of a justice of the peace against several, upon a joint and several liability, only one appeals, and the others are not brought in as required by the statute (Mills' Ann. Stats., § 2685), and fail to appear, judgment may go against the one appealing.—(114)

2. **Appeals—Nonappealing Parties—Summons to**—The statute requiring that, where only one party appeals, the others shall be brought in by a summons from the county court (Mills' Ann. Stats., § 2685), is for the protection of the nonappealing parties.—(114)

*Appeal from Teller County Court*—Hon. THORNTON H. THOMAS, Judge.

Messrs. BROWN & NOURSE, for appellant.

No appearance for appellee.

Mr. JUSTICE WHITE delivered the opinion of the court:

This action was begun before a justice of the peace in Teller county by appellee to recover of appellant and his wife, Mrs. A. M. Keefer, judgment for $155.35.

From the judgment of the justice in favor of appellee and against appellant and his codefendant, appellant alone appealed to the county court where the case was tried *de novo* to a jury resulting in a like judgment against him.

From the judgment in the county court on the verdict of the jury this appeal is prosecuted.

There were no written pleadings, nor does the abstract of record filed here present the matter as fully as the rules of this court require, and the judgment might properly be affirmed for that reason, yet we have not invoked the technical rule, but resorted to the transcript of the record for a proper understanding of the issues.

Appellee conducted a small store and his account against appellant was for groceries and other merchandise purchased by the latter.

At the trial in the county court the appellant admitted the indebtedness to appellee, but presented a counter-claim in the sum of $216.80 for an aggregate amount of moneys which he claimed to have loaned and advanced to appellee, or to other persons at his request, for the purpose of paying obligations he had incurred in playing card games in appellant's saloon, and that such loans or advancements were made after the games were concluded.

Appellee admitted playing such games, but denied the loans or advancements by, or any indebtedness to, appellant. The justice before whom the case was tried gave evidence in the county court that appellant in the justice court testified that the counter-claim "was a gambling debt."

The well-known rule that upon disputed questions of fact the verdict of a jury is conclusive is conceded by appellant, but he seeks reversal of the judgment on the grounds; (a) that the court misdirected the jury as to the law; (b) that final judgment was rendered against appellant without in any manner disposing of the case as to Mrs. A. M. Keefer, wife of appellant.

(a)—The court's charge to the jury embodied § 1344, Mills' Ann. Stats., declaring gambling trans-

actions void, and this constitutes one of the two instructions of which complaint is made. The particular objection to, or vice in this instruction as contended by appellant is, that the section "contains several different phases and defines several different acts as unlawful," and that no "gambling transaction could meet all the phases of this statute."

Appellant has cited no authorities, nor do we know of any, holding it error to give to a jury a section of a statute, some phases of which are applicable to the case on trial, though such section contains different phases and defines different acts not involved, and especially when, as in this case, it is followed by an instruction giving the particular law applicable to the facts of the case. Even in the trial of criminal cases such as murder, the trial courts almost universally embody in their instructions the statute defining murder perpetrated by various means, yet the appellate courts do not hold such instructions erroneous.

The court instructed the jury that if they believed and found from the evidence that the money constituting the counter-claim was won at cards or in a gaming transaction, the appellant could not recover, but if they found from the evidence that appellant participated in the game and that other parties were interested in the game, but after the game was over the appellee instructed the appellant to pay such parties to whom he had become indebted in the gambling game and appellant did so, the appellant was entitled to recover on his counter-claim, following this instruction with, "but if you find that the defendant participated with the plaintiff in the game and these occurred or accrued in that game, then it is a part of the gambling debt and cannot be recovered."

While it is true instructions given by a court should clearly define the law applicable to the case,

and in such a manner that the jury can apply it to the evidence, and while it is equally true that the instruction in question is loose in expression, and somewhat contradictory, yet taken with all the instructions given it does not appear the jury was misled, and we are of the opinion that the issues were fairly submitted and the verdict was just and proper. As said in *Little Dorrit G. M. Co. v. Arap. G. M. Co.,* 30 Colo. 431:

"Instructions must be considered as a whole, in determining what the trial judge has directed on any given subject."

But even if this instruction was erroneous, the appellant can in no wise predicate error thereon. The gravamen of his complaint is based upon that part of the instruction given in quotations above. Appellant asked and the court gave instruction No. 2, the latter part of which reads:

"* * * but if the defendant participated in the game and you so find from a preponderance of the evidence, then it is a gambling debt and no part of the consideration can be recovered."

Thus it is clearly seen that the particular instruction complained of was in substance requested by appellant and he is certainly not in a position to complain.

He that requests the trial court to submit a case upon a certain theory, whether right or wrong, is estopped from complaining of such act when done.— *Little Dorrit G. M. Co. v. Arap. G. M. Co., supra.*

"Where an erroneous instruction is given at the request of a party, the party requesting it cannot on appeal complain of the giving of such instruction." —*D. & R. G. R. R. Co. v. Peterson,* 30 Colo. 77; *The United Oil Co. v. Miller,* 19 Col. App. 46; *Hugus & Co. v. Hardenburg, idem* 464.

(b)—The error assigned (if it be error and as to that we. do not determine) that judgment was entered against appellant without in any manner disposing of the case as to his codefendant, Mrs. A. M. Keefer, is not warranted by anything in the record. The nature of the claim is such as to warrant either a joint or several judgment. Such judgment was entered in the justice court. Appellant's codefendant did not join in the appeal. No summons was issued from the county court to bring this non-appealing defendant before that tribunal as required by § 2685, Mills' Ann. Stats.

The court of appeals has held that this statute is for the protection of parties not joining in the appeal, and while no judgment can be rendered against such non-appealing parties at the first term of the court when summons has not been served and there is no appearance, yet a judgment against the parties appealing is valid against objection thereto made for the first time in a motion for new trial.—*Miller v. Kinsel*, 20 Col. App. 349.

No complaint was made below or here that the provisions of § 2685, *supra*, were not complied with, but it is claimed in argument by appellant that his codefendant was before the county court.

The record, however, does not support this contention. The wife of appellant did not testify in the case, nor is her name mentioned in the testimony. Objections made during the progress of the trial, and to the charge of the court to the jury were in behalf of defendant, not defendants. Instructions offered were by defendant, not by defendants. The charge of the court submitted the cause to the jury as a controversy between appellee and appellant, and the verdict of the jury is entitled: Casimo Amicone, plaintiff, v. A. M. Keefer, defendant. The judgment properly followed the verdict. Besides, the objec-

tion here urged was not presented to the county court by appellant either in his motion for a new trial or otherwise, and that of itself is sufficient to preclude this court considering it.—*Town of Salida v. Mc-Kinna,* 16 Colo: 523, 527: *Keith et al. v. Wells,* 14 Colo. 321, 325, 326.

It devolves upon appellant to show reversible error, and he having failed so to do, the judgment is affirmed.                                      *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE BAILEY concur.