[No. 8041]

## Scott v. Stutheit.

1. PLEADING—*Formal Defects.* Where in the court below no attempt is made to compel the amendment of a pleading, the case will, in the court of review, be determined upon the issues which, upon a fair construction, the pleading tenders. (542)

2. BILL OF EXCEPTIONS—*Amended.* The bill of exceptions as amended and settled by the trial judge is conclusive that the evidence there set down was introduced and considered, though not set out in the original bill. (543)

3. HOMESTEAD EXEMPTION—*Federal Statute.* The sale of lands entered as a homestead, under execution against the patentee, upon a judgment recovered for a debt contracted prior to the issuance of the patent, is void. (543)

4. APPEAL AND ERROR—*Judgment.* It being apparent that the plaintiff in error was without right, a judgment against him was affirmed. though the record was imperfect and incomplete. (543)

*Error to Yuma District Court.*—Hon. H. P. BURKE, Judge.

Mr. R. H. GILMORE, for plaintiff in error.

Mr. EDWARD AFFOLTER, for defendant in error.

Mr. JUSTICE BAILEY delivered the opinion of the court:

On February 4, 1904, defendant in error, Stutheit, plaintiff below, filed complaint in the usual form against plaintiff in error, Scott, defendant below, in the District Court of Yuma County, to quiet title to a certain quarter-section of land. The answer denied all the allegations of the complaint, except that of adverse estate or interest. The cross-complaint filed in the case shows, in substance, that plaintiff owned the land on April 11, 1901, when an

action was brought against him by defendant, in the District Court of Arapahoe County, resulting in a judgment upon which, after execution, levy and sale, a sheriff's deed to the land in controversy issued to defendant, which deed is set out and relied upon for a decree quieting title in him. The replication, in substance, admitted the issuance and record of the purported sheriff's deed, denied on information and belief all other matters of the cross-complaint, and further set forth a homestead entry of the land by plaintiff on May 23, 1894, the issuance of final certificate February 23, 1900, and United States patent October 12, 1900; that judgment, the basis of the sheriff's deed, was obtained against him by defendant in Arapahoe County on a promissory note executed May 21, 1894; that the sheriff's deed was unwarranted in law and void, but constituted a cloud upon his title to the land; also that there was no service of the attachment writ issued in the case in aid of the suit.

The cause is on review a second time; but the pleadings, relative positions of the parties and judgment are unchanged. It was remanded for a new trial because judgment was rendered out of term time, and at chambers in another county,—*Scott v. Stutheit,* 21 Colo. App. 28, 121 Pac. 151, with directions, upon the authority of *Wilson v. Collins,* 45 Colo. 112, 102 Pac. 21, permitting the introduction at the new trial of evidence theretofore adduced. At the former trial plaintiff introduced a homestead patent, and defendant a sheriff's deed, whereupon plaintiff, in rebuttal, attacked the validity of the deed for failure of service of the writ of attachment issued in the case, and because execution was levied upon and sale made of a homestead, upon a judgment which had been obtained on a debt contracted before patent issued for such homestead.

At the trial, resulting in the judgment under con-

sideration, the evidence formerly adduced on behalf of plaintiff, as preserved by the bill of exceptions, was re-offered and admitted subject to objections for immateriality. Counsel for defendant conceived that the replication, containing denials upon information and belief as to the sheriff's deed the same being of record, constituted an admission of its validity, and interposed objection to the introduction by plaintiff of any evidence, which was overruled, as was also a motion for judgment for defendant upon the proofs, whereupon defendant rested, declining to offer evidence. The abstract of record fails to show the rebuttal evidence adduced on behalf of plaintiff at the former trial, but the supplemental abstract shows that upon motion the record was amended to show the fact that such rebuttal evidence was introduced and considered, setting out the same as it appears in the record signed and sealed by the trial judge. The cause was tried to the court without a jury, judgment rendered for plaintiff and a decree entered quieting title to the premises in him, which defendant brings here for review.

The main contention of the defendant is that denials in the replication upon information and belief constituted no denial of the sheriff's deed. Be that as it may, it contained other averments sufficient to put the validity of the deed in issue, and if true to avoid it. While the issuance and record of the deed were admitted, its validity has been at all times consistently and earnestly questioned and denied. The replication is most inartificially drawn and is in no sense to be approved, still as no attempt was made to compel the pleader to amend, we think the case must be determined upon the issue which may fairly be said to be tendered by it.

Another contention made is that the rebuttal testimony adduced at the first trial was not in fact reoffered, and not therefore properly for consideration, in this

trial, is not supported by the record. The bill of exceptions, as amended and settled by the trial judge, shows that such testimony was in fact introduced and considered, and this must govern.

The pleadings and testimony plainly establish that the debt for which the defendant took judgment, upon which the sheriff's deed was obtained, was contracted prior not only to the issuance of homestead patent to the land in controversy, but before the original homestead application even was made. The deed was, therefore, invalid and conveyed no title, under Section 2296, Rev. Stats. U. S., which reads as follows:

"No lands acquired under the provisions of this chapter shall in any event become liable to the satisfaction of any debt contracted prior to the issuing of the patent."

The following authorities fully support the foregoing proposition and are decisive of the case.—*Smith v. Schmitz*, 10 Neb. 600, 7 N. W. 329; *Baldwin v. Boyd*, 18 Neb. 444, 25 N. W. 580; *Brandhoefer v. Bain*, 45 Neb. 781, 64 N. W. 213; *Duell v. Potter*, 51 Neb. 241, 70 N. W. 932; *Clark v. Bayley*, 5 Or. 343; *Faull v. Cooke*, 19 Or. 455, 26 Pac. 662, 20 Am. Rep. 836; *Dickerson v. Bridges*, 147 Mo. 235, 48 S. W. 825; and *Dickerson v. Cuthburth*, 56 Mo. App. 647.

From a survey of the entire record, unsatisfactory, incomplete and imperfect as it is, it is manifest that the defendant has, and can have, no valid claim to this property, that plaintiff must ultimately prevail, and it would, therefore, be not only idle but a positive injustice to all parties in interest to permit further litigation.

The judgment is affirmed.

Chief Justice Gabbert and Mr. Justice White concur.