WILLIAM J. BRADFORD v. JOHN LARKIN.

No. 8576.

1. GUARDIAN AND WARD — *Judicial Sale — Collateral Attack.* A collateral attack upon a judicial proceeding in a probate court, under which a sale of land was made by a guardian more than 15 years before, will not be favored.

2. ———— *Judicial Sale —Notice Held Sufficient.* In the matter of the sale of the land of minors upon the application of a guardian, it is competent for the probate court to determine from the evidence submitted whether due and legal notice has been given to the minors; and in the present case it is *held* that the notice was sufficient to confer jurisdiction upon the probate court, and that the proceedings are not void.

3. ———— *Judicial Sale — Immaterial Omission of Name.* Where a sale of the land of minors was duly made by a guardian for the actual value of the same, the sale approved, the money paid and expended for the support and education of the minors, and the purchaser takes possession thereunder and holds the same for a long time, he acquires the full equitable title and is entitled to a conveyance of the legal title; and the mere fact that a deed which contains a full recital of the preliminary proceedings omits the name of one of the minors will not invalidate the sale, and in such case the purchaser or his grantee is entitled to have his estate, interest and possession in the land quieted as against the claims of any of the minors.

*Error from Johnson District Court.*
*Hon. John T. Burris, Judge.*

AFFIRMED.                                    OPINION FILED JUNE 6, 1896.

*I. O. Pickering,* for plaintiff in error.

*A. Smith Devenney,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J. : This was an action by an heir of John R. Bradford, deceased, to recover a one-half interest in 320 acres of land in Johnson county from John Larkin, who holds under a purchase made at a guardian's sale more than 22 years ago. At the time of his death, in 1870, John R. Bradford was the owner of the land in question, and he left as his only heirs Selena Bradford, the widow, and William J. and Rosa M. Bradford, minor children. Some time after his death the widow intermarried with Jacob White, and in 1874 she was appointed guardian of the persons and estates of the minor children. After she had qualified, she applied to the probate court for permission to sell the minor children's interest in the tract of land, and on April 21, 1874, three appraisers were appointed by the probate court to view and appraise the land, and, after being duly sworn, they appraised the undivided one-half interest of the 320 acres at the sum of $1,760. Each of the minor children was personally served with a copy of the application to sell the land, and with a notice that the application would be presented to the probate court on May 8, 1874. The application, however, appears not to have been filed in the probate court until April 24, 1874, at which time the court fixed May 8 as the time for hearing the application. On that day a petition, duly verified, was presented to the probate court, and upon a hearing it was found by the court that due and legal notice to the minors had been given, and that there was no personal property belonging to the estate which could be used for the support, maintenance and education of the minor children. Thereupon it was ordered that the guardian sell the land at

private sale for not less than three-fourths of the appraised value.

Afterward, the guardian filed a report in the probate court stating that, in pursuance of the order, and after having the land appraised, she had sold all the interest of the minor children in the real estate to John Walter for $1,500, a part of which was in cash and the deferred payments were secured by mortgage. On examination, the probate court found that the land had been appraised, that the sale made was regular and in conformity with law, that the guardian had fully complied with the terms of the order in making the sale, and that the price for which it was sold was the most that could be obtained. A deed was presented which was approved and confirmed. The deed recites the sale of all the right, title and interest of both of the minors, and also as to the report and confirmation of the sale, but in the granting clause the name of Rosa M. Bradford was omitted. On January 15, 1886, John Walter conveyed the land to John Larkin, the defendant in error, for the consideration of $3,000, and he has been in the continuous possession of the same ever since that time. The price obtained at the guardian's sale is found to be a fair price for the undivided one-half interest in the tract, and the proceeds of the sale were used by the guardian for the support, maintenance and education of the minors.

William J. Bradford claims to have purchased the interest of Rosa M., and brings this proceeding to obtain one-half of the land upon the ground that the guardian's sale was void by reason of noncompliance with the provisions of the statute. The objections are that the notice was insufficient, and therefore that the sale and transfer of the real estate of the minors was

void as to both of them; and, second, that the interest of Rosa M. Bradford was not conveyed by the deed that was made. The claim of want of notice is based on the filing date of the petition to sell the land. It appears to have been filed in the probate court on April 24, 1874, whereas, the proof of notice to minors shows that a copy of the petition, together with a notice of the time of hearing, was personally served upon the minors on April 22, 1874. It is essential that a copy of the petition, together with notice of the time at which the application will be made, shall be personally served upon the minor 10 days prior to the time fixed for the application, and it is argued that, as the petition was not filed until April 24, 1874, it was impossible to have served a copy of the same prior to that time. There is confusion of dates in the records of the probate court, but, whether or not the file mark on the petition is a mistake, it is evident that the application or petition was in existence and had been brought to the attention of the probate court before April 24. Before that time, and based on the application of the guardian, the probate court had fixed the time when a hearing would be had upon the petition, and provided for an appraisement of the land. When the hearing was finally had, evidence was adduced, and the probate court found that due and legal notice had been given to the minors. What that testimony was has not been shown, and whether the discrepancy in the dates was then explained we cannot know. The probate court, however, had full jurisdiction in the premises, and it was competent for it to determine whether, upon the whole testimony, the notice was sufficient.

It is plain enough that there were irregularities in

the proceedings, but irregularities alone, not mere omissions from the record, are not sufficient to destroy the validity of judicial proceedings. If errors were committed, they could have been corrected upon appeal or other direct proceeding, but collateral attacks of this kind are never favored. In such cases it devolves on those making the attack to show clearly and conclusively that the court had no jurisdiction before the proceeding will be held. to be void. (*Head v. Daniels,* 38 Kan. 1; *Howbert v. Heyle,* 47 id. 58.) In this case the petition was in due form. It, together with the notice, was actually served upon the minors more than 10 days before the hearing was had; and, although the notice may have been defective, it conferred jurisdiction and is sufficient to resist a collateral attack on the proceedings.

*2. Collateral attack not favored.*

The remaining contention — that the interest of Rosa M. Bradford was not transferred because of the omisson of her name from the granting clause of the deed — cannot be sustained. A sale of the interests of both minors was ordered to be made, and was made for an adequate consideration. This sale, upon examination of the court, was duly confirmed. These steps were taken in a proceeding to which the plaintiff in error was a party, and the court having jurisdiction, they are certainly sufficient to convey the equitable title of both minors. The purchaser, having obtained the equitable title, is entitled to a conveyance of the legal title, and the right to the conveyance having become complete, it may be made at any time. Indeed, it would appear from the recitals in the record and in the deed that the omission of the name of Rosa M. Bradford was a clerical error, and that all the parties connected with the proceeding intended and understood that the

*3. Omission of name of minor.*

conveyance transferred the interests of both. In Larkin's answer, after alleging the claim made by Bradford of an interest in the land, and that it was a cloud upon his title, he asked that the cloud might be removed, and that his title might be quieted as against Bradford. The district court therefore ruled correctly in decreeing that the adverse claim of title set up by Bradford should be declared void, the cloud upon the title removed, and that the estate, title and possession of Larkin should be forever quieted in him as against the plaintiff Bradford.

The judgment of the district court will be affirmed.

All the Justices concurring.