Decided at PENDLETON, July 18, 1896.

## BANK OF WINNEMUCCA *v.* MULLANEY.

[45 Pac. 796.]

DISCHARGE OF ATTACHMENT LIEN—CODE, ¿ 161.—Under section 161 of Hill's Code, providing for the discharge of an attachment, except where the cause of attachment and the cause of action are the same, the attachment can be dissolved only for defects apparent on the face of the proceedings, for since the enactment of this section the attachment law has been so amended that the cause of action and the cause of attachment are now identical in all cases.

From Malheur: MORTON D. CLIFFORD, Judge.

This is an appeal by the First National Bank of Winnemucca from a judgment in its favor involving the validity of an order discharging certain real property from an attachment lien. The material facts are that the plaintiff, having commenced an action against E. F. Mullaney to recover nine thousand five hundred and sixty-five dollars and interest upon a contract for the payment of money, sued out a writ of attachment, in pursuance of which the sheriff of Malheur County attached the sum of one thousand six hundred and seventy-four dollars in the hands of Evans and Courtner, as due and owing from them to the defendant on account of the purchase

of a quantity of hay, and also attached the east half of the east half of section nine, and all section ten, i: township forty-one, south of range forty-two east, in said county. The defendant thereupon moved the court to dissolve the attachment and discharge the same as to the property and credits so attached, and in support thereof filed the affidavit of oné Louisa A. Mullaney, from which it appears that she is the wife of the defendant; that she claimed the real estate as her separate property, and that the money so attached was due from the garnishees for hay grown on her said land, which was harvested at her expense; that the defendant had no interest in said money, but that the same belonged to her. The court refused to discharge the garnishment, but discharged the real property from the lien of the attachment, and rendered judgment against the defendant for the amount demanded, from which judgment the plaintiff appeals. REVERSED.

For appellant there was a brief and an oral argument by *Mr. William Smith.*

For respondent there was a brief and an oral argument by *Mr. John L. Rand.*

Opinion by MR. JUSTICE MOORE.

The only question involved is as to the authority of the court to discharge the real property from said lien. The defendant contends that this authority is conferred by section 161, Hill's Code, which provides that the defendant may, at any time before

judgment, except where the cause of attachment and the cause of action are the same, apply to the court or judge thereof, where the action is pending, to discharge the attachment, in the manner and with the effect as provided in sections 130 and 131, for the discharge of a defendant from arrest. This was section 159 of the General Laws of Oregon, as compiled by Matthew P. Deady and Lafayette Lane, and should be construed *in pari materia* with the other sections of the act then in force. Section 143 of that compilation authorized the issuance of a writ of attachment upon other grounds than the cause of the action, but this section has been several times amended, and appears as section 145, Hill's Code, as amended by the act of the legislative assembly, approved February twenty-third, eighteen hundred and ninety-five, (Session Laws, 1895, p. 58,) and now provides that the writ may issue in all actions upon contract for the payment of money without specifying any other cause therefor. In the case at bar an examination of all the proceedings discloses that the cause of action and the cause of attachment are the same, and, this being so, the defendant can not invoke the aid of the section in question. The statute furnishes a summary method for trying the title to personal property attached when claimed by a third person, (Section 156, Hill's Code,) but it contains no similar provision for trying the title to real property. Assuming that the defendant's wife is the owner in fee of the premises attached; no proceedings had or judgment rendered against her husband could in any manner affect her title, except

as they may give the right to question such title in a suit against her. It must be presumed that the plaintiff, by attaching the land of the defendant's wife, had a theory that she held the title to it in trust for him, and that by acquiring a lien thereon it would be in a position to try that question. The plaintiff assumes the responsibility of answering in damages if the attachment should turn out to be wrongful or without sufficient cause; but its right to attach the land, and thus test the correctness of such theory cannot be questioned. A motion to discharge an attachment is always based on defects apparent on the face of the proceedings, (Drake on Attachment § 415,) and as there are no ·defects apparent, it follows that the court erred in allowing the motion. The judgment of the court below must be modified to conform to the views herein expressed, and the cause will be remanded with instructions to deny the motion, reinstate the lien of the attachment on the real property, and add to the judgment an order for the sale of the defendant's interest therein; and as thus modified the judgment will be affirmed, the appellant to recover of the respondent its costs and disbursements in this court and the court below.                                   REVERSED.