Decided at PENDLETON, August 13, 1898.

## SCHULTZ v. LEVY.

[54 Pac. 184]

HOMESTEAD ON PUBLIC LAND—CONCLUSIVENESS OF JUDGMENT.—One who has acquired land as a homesteader under Rev. Stat. U. S., § 2296, may recover possession of the land from one who purchased at a sale under an execution on a judgment based on a debt contracted prior to the actual issuing of the patent although evidenced by a note executed after its issuance: *Wallowa Nat. Bank* v. *Riley*, 29 Or. 289, and *Berry* v. *Charlton*, 10 Or. 362, followed.

From Wallowa: ROBERT EAKIN, Judge.

Action of ejectment by J. M. Schultz against A. Levy, in which plaintiff had judgment.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. J. F. Baker*.

For respondent there was a brief and an oral argument by *Mr. A. C. Smith*.

MR. JUSTICE BEAN delivered the opinion.

This is an action to recover possession of real property. The plaintiff settled upon and acquired title to the land in controversy under the homestead laws of the United States, and received his patent therefor in July, 1891. Prior thereto, towit, on the —— day of September, 1889, he executed his note to the Island City Mercantile & Milling Company for the amount of a debt then due from him to the company, which note he renewed in 1892, and in November, 1893, the milling company commenced an action thereon, and caused the real property in question to be attached. Judgment and an order for the sale of the attached property was rendered in such action, and the property sold to the defendant under an execu-

tion issued thereon. The sale was thereafter duly confirmed, and a sheriff's deed issued, and the defendant, by the aid of a writ of assistance, put into possession of the premises ; whereupon plaintiff commenced this action, and bases his right to recover on the ground that the sale to the defendant was void because it was made under a judgment rendered for a debt contracted prior to the issuing of the patent.

It is settled law in this state that land acquired by a homesteader, under section 2296 of the Revised Statutes of the United States, is not liable to the satisfaction of any debt contracted prior to the actual issuing of the patent therefor, and the fact that such debt may be evidenced by a promissory note executed after that time is of no consequence in determining the liability of the land to seizure and sale. *Wallowa Nat. Bank* v. *Riley*, 29 Or. 289 ( 54 Am. St. Rep. 794, 45 Pac. 766 ). Counsel for the defendant does not question this rule, but he contends that the judgment and order for the sale of attached property in the action of the milling company against the plaintiff is a conclusive adjudication that the property was not exempt from seizure and sale, and is a bar to this action. But it is held in *Berry* v. *Charlton*, 10 Or. 362, that such an order is no bar to an action by the defendant in the writ to recover possession of attachêd property on the ground that it is exempt from execution, and this decision is conclusive of the question here presented.

It is said in the brief that the plaintiff appeared in the action brought against him by the milling company, and moved to dissolve the attachment, on the ground that the property was exempt from seizure, and such issue was decided against him, and hence it is contended that the question must be regarded in this action as *res adjudicata.* The record does not support this statement, but, if it

did, it may well be doubted whether, under our statute, such a question can be thus tried.    See *Bank of Winnemucca* v. *Mullaney*, 29 Or. 268, 45 Pac. 796.    There is no error in the record.

AFFIRMED.

Decided at PENDLETON, 13 August, 1898.