[Sac. No. 1055.   Department One.—October 3, 1902.]

## JACOB KLEMPP, Respondent, v. G. L. NORTHROP, Appellant.

MORTGAGE OF HOMESTEAD ON GOVERNMENT LAND—CONSTRUCTION OF REVISED STATUTES—ESTOPPEL OF MORTGAGOR.—Section 2296 of the Revised Statutes of the United States, exempting a homestead on government land from any debt contracted prior to the issue of the patent, is only intended as a shield for the protection of the settler, and not as a restriction upon the right of the settler voluntarily to execute a mortgage thereupon, and he is estopped by his own act from disputing the validity of the lien so created by him.

APPEAL from a judgment of the Superior Court of San Joaquin County. Edward I. Jones, Judge.

The facts are stated in the opinion.

Charles De Legh, for Appellant.

R. C. Minor, for Respondent.

COOPER, C.—Appeal from judgment and decree of foreclosure. The sole point made by appellant is, that at the time the mortgage was made the land described therein was government land of the United States, and that, as appellant afterwards acquired title thereto under the homestead laws, the land was not liable for the debt secured by the mortgage. It is claimed that under section 2296 of the Revised Statutes of the United States the land is not liable for the debt contracted prior to the issuance of the patent. The claim is without merit. The mortgage was a voluntary conveyance by the mortgagor by way of security. There is nothing in the homestead act or the section referred to forbidding or making void such transfer. The provision was clearly intended for the benefit of the settler and for his protection. It is not a restriction or disability forbidding the sale or transfer of his interest in the land. The law recognizes the right of the homestead claimant to convey his land by way of mortgage. The provision is intended as a shield for the protection of the settler, and not as a weapon for the destruction of any of his

rights. The fact that Congress, by virtue of the statute, exempted the homestead from debts of the homestead claimant does not show any intention to prevent the debtor from creating a lien upon the property by his own voluntary act. He is estopped by his own act from disputing the validity of the lien so created by him. (*Kirkaldie* v. *Larrabee*, 31 Cal. 455;[1] *Orr* v. *Stewart*, 67 Cal. 275; *Nycum* v. *McAllister*, 33 Iowa, 374; *Townsend* v. *Fenton*, 30 Minn. 52; *Orr* v. *Ulyatt*, 23 Nev. 134.)

It follows that the judgment should be affirmed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Garoutte, J., Van Dyke, J., Harrison, J.