## SAMUEL F. ASH v. KATE S. ERIKSSON.[1]

October 27, 1911.

Nos. 17,208—(24).

**Judgment lien — land subsequently patented to debtor.**

A judgment against the patentee is not a lien upon land acquired under the homestead laws, if the debt for which the judgment is rendered was contracted prior to the issuing of a patent for such land.

**Homestead — Federal exemption — construction of statute:**

The time when a debt was contracted, within the meaning of this statute, is the time when the consideration was received, and the obligation to pay was assumed by the patentee, even though thereafter renewal notes were given and by assignments and distribution of the debt the creditor changed.

Action in the district court for Grant county to determine adverse claims to real estate. The answer admitted the ownership of the land by plaintiff, but alleged that defendant claimed a lien upon it adverse to plaintiff; that the Federal government issued a land patent to plaintiff on December 18, 1892; that a promissory note for $518.40, given by plaintiff, was assigned to Steuer Thompson, who in 1902 obtained judgment thereon against plaintiff in the district court for that county; that defendant became the owner of the judgment for a valuable consideration and bought it in good faith without notice. The reply set up that the debt in question was contracted about the year 1881; that the land described was entered by plaintiff as his homestead under the Federal statutes, and the debt reduced to judgment was contracted prior to the issue of the patent.

. [1]Reported in 132 N. W. 997.

The case was tried before Flaherty, J., who made findings of fact that the debt in question antedated the patent, and ordered judgment in favor of plaintiff. From an order denying defendant's motion for a new trial, she appealed. Affirmed.

*Leonard Eriksson* and *N. F. Field,* for appellant.

*E. J. Scofield,* for respondent.

SIMPSON, J.

This is the statutory action to determine adverse claims to certain land.

The plaintiff in 1885 filed a homestead claim on the land involved, a fractional quarter section in Grant county, containing 118.15 acres, and since that time has continually resided thereon. In 1893, he having made final proof under the homestead laws, a patent for this land was issued to the plaintiff. December 2, 1902, a judgment in favor of Stener Thompson and against the plaintiff for the sum of $748.85 was duly rendered and docketed in the district court in Grant county. The defendant became the owner of the judgment and claimed a lien thereunder on this land. Concededly the judgment is a lien on at least 38.15 acres of the land unless the judgment falls within the exemption or limitation of section 2296 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 1398), relating to homesteads. This section is as follows:

"No lands required [acquired] under the provisions of this chapter shall in any event become liable to the satisfaction of any debt contracted prior to the issuing of the patent therefor."

Upon the trial of this case the court found as a fact that the debt for which the judgment was rendered against the plaintiff in 1902 was contracted by the plaintiff in the year 1886, long prior to the issuing of the patent to the plaintiff for the land here involved, and the court determined that the judgment was not a lien on the land. From an order denying defendant's motion for a new trial this appeal is taken.

The principal question raised by the appellant is whether the

evidence sustains the finding of fact that the debt for which the judgment was entered antedated the issuing of the patent.

The evidence on behalf of the plaintiff showed that about the year 1886, and at or prior to the time plaintiff filed on the land as a homestead, he became indebted to one Nels J. Somnor in the sum of $500, and gave a note to Somnor evidencing such indebtedness; that several renewal notes were thereafter given for the same debt, and some small payments were made thereon; in 1897, Somnor having died, the plaintiff gave a renewal note payable to "the heirs of Nels J. Somnor;" that the only consideration for this note was the debt contracted in 1886. Upon this note running to the heirs of Somnor the judgment was obtained in 1902. Clearly this evidence sustains the finding of the trial court that the debt for which the judgment was rendered was contracted prior to the issuance of the patent. Neither the fact that renewal notes were given therefor, nor that the creditor changed through distribution and assignment, changes the fact that the debt upon which the judgment against the plaintiff is based is the same debt contracted by the plaintiff in 1886. The only consideration received by the plaintiff was received at that time, and the debt sued on in 1902 originated in the transaction then had between the plaintiff and Somnor, and had no other origin or consideration.

From the finding that the adjudged debt was contracted by the plaintiff prior to the issuing of the patent to the plaintiff for the land involved, the conclusion necessarily follows that the judgment is not a lien on the land. Russell v. Lowth, 21 Minn. 167, 18 Am. Rep. 389.

An examination of the record discloses no errors in the rulings referred to in the assignments of error.

Order affirmed.