MILLER v. ALASKA-CANADIAN OIL & COAL CO.

(Third Division. Valdez. December 23, 1911.)

No. 535.

1. ATTACHMENT (§ 105*)—AFFIDAVIT—INDEBTEDNESS.

The statute in Alaska (Code Civ. Proc. § 136) requires that a writ of attachment shall issue whenever the plaintiff "shall make an affidavit showing that the sum for which the attachment is asked is an actual, bona fide, existing debt. *Held*, the omission of the word "actual" in the affidavit is not fatal if the allegations and facts stated in the affidavit show that it is an "actual," bona fide, existing debt, without repeating the exact words of the statute.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 276–279; Dec. Dig. § 105.*]

2. ATTACHMENT (§ 119*)—AFFIDAVIT—COMPLAINT.

The complaint, in an attachment case, may be examined for the purpose of showing that the sum for which the attachment is asked is an "actual," bona fide, existing debt, where the word "actual" is not used in the affidavit.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. § 214; Dec. Dig. § 119.*]

---

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

3. ATTACHMENT (§ 131*)—BOND.

A bond in attachment is sufficient when the penalty therein is for the same amount as that prayed for in the complaint. The costs and attorney's fee are not fixed and certain, and may not be allowed. The bond need not cover them, except in those cases where they are so fixed and certain that they may with exactness be included in the "amount" for which the plaintiff demands judgment.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 361–364; Dec. Dig. § 131.*]

4. ATTACHMENT (§ 133*)—SUFFICIENCY OF BOND.

The Alaska statute does not expressly require a sufficient surety before giving the right to the writ. To hold that a bond given by a sufficient surety is fatally defective because he has not made affidavit to being worth twice the amount of the penalty, while conceding that a bond would save the jurisdiction of the court if a worthless surety had sworn he was worth such amount, is to sacrifice substance to form.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 371–376; Dec. Dig. § 133.*]

5. ATTACHMENT (§ 232*)—VACATING—STATUTE—LIBERAL CONSTRUCTION.

The statutes in Alaska in effect provide for a liberal construction of the attachment act, by enacting that, when there is "not sufficient cause" for the attachment, "the same shall be vacated." This implies that the want of a "sufficient cause" of attachment is the only thing to be considered fatal to the attachment proceeding; that in other particulars the law will be construed liberally. An irregularity, if curable, may be cured without failure of the proceeding.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 796, 797, 803; Dec. Dig. § 232.*]

The defendant has specially appeared in this case and moves to vacate the order for the publication of summons and to quash the summons published thereunder.

By the complaint, the attachment affidavit, the marshal's return upon the summons, and affidavit for the publication of summons, it appears that the defendant is a foreign corporation, owning property and doing business in this judicial division of the territory of Alaska, and that the defendant is indebted to the plaintiff upon express contracts; that the defendant has no agent herein upon whom service can be had; that the marshal has made a return of summons showing that

---

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

he was unable to make service, upon diligent search being unable to find any officer or representative of the defendant in the district of Alaska.

Edmund Smith, of Valdez, and V. G. Frost, for plaintiff.

Thomas R. Shepard, of Seattle, Wash., for defendant.

CUSHMAN, District Judge. Defendant's motion to vacate and quash is made upon the ground that, at the time of making the order of publication, the court had not acquired jurisdiction of the person of the defendant or any property by lawful attachment; defendant's contention being that, as under the controlling rule laid down in Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565, it is not enough to confer jurisdiction, in a suit in personam, to set out that the defendant owns property in the jurisdiction, but that the property must be further subjected to the jurisdiction of the court by attachment, such attachment must be one entirely regular or the jurisdiction fails. The contention is that in the case at bar the attachment proceedings are void because the attachment affidavit and bond are defective.

The statute provides (Carter's Codes, pt. 4, § 136) that:

"A writ of attachment shall be issued * * * whenever the plaintiff or * * * shall make and file an affidavit showing * * * that the sum for which the attachment is asked is an actual, bona fide, existing debt. * * * "

The affidavit for attachment here states:

"That the defendant in said action is indebted to the plaintiff * * * for work and labor performed by plaintiff for defendant and for moneys advanced and paid by plaintiff for defendant, at its special instance and request. That the sum for which this attachment is asked is a bona fide existing debt."

The defendant contends that the omission of the statutory word "actual" is fatal. It is argued that the debt might be contingent; that this must be negatived; and that it could only be negatived by employing the statutory words "actual debt." If the statutory words used, "bona fide and existing debt," do not include in their scope all shades of meaning of which the word "actual" is capable when used in this connection, the

affidavit shows the debt to be "actual" by setting out that the defendant is indebted to the plaintiff in the amount claimed "for work and labor performed by plaintiff for defendant and moneys advanced and paid by plaintiff for defendant at its special instance and request."

The affidavit for attachment and the complaint in the action were both verified by the plaintiff on the same day and filed on the same day. The allegations of the complaint may therefore be considered. ·

In the complaint the work alleged to have been performed and the money advanced defendant is still more fully described and itemized, fully and fairly "showing" the sum for which the attachment is asked to be an actual debt, if defendant's allegations are true.

Defendant further contends that the attachment was unauthorized because the penalty named in the attachment bond was for $2,104, the sum prayed for in the complaint; that it falls short of the statutory requirement, as no further amount is included to cover costs and attorney's fees asked for in the complaint.

The statute (Carter's Codes, pt. 4, § 137) provides that the undertaking shall be "in a sum not less than one hundred dollars, and equal to the amount for which the plaintiff demands judgment."

The fact that the bond must be accepted by the clerk, an officer not learned in the law, that the sureties are required to justify in an amount certain, that the minimum provided ($100) is a fixed amount, clearly shows that the terms and maximum penalty of the bond have reference to a fixed and certain amount. This amount is to be equal to the amount for which plaintiff demands judgment. Clearly this can only refer to the fixed amount for which recovery is prayed, for nothing else is certain, neither attorney fees nor other costs. It is altogther uncertain whether any will be allowed, and, if so, what.

Though recovery is asked on account of these, prior to allowance and ascertainment the claim in general terms for an attorney fee and costs cannot be termed for an "amount," because they are uncertain. In cases where interest claimed is

held to be included in the "amount in controversy," it is because it is capable of being rendered certain by calculation. See Words and Phrases, vol. 1, title "Amount." Were this otherwise, the only effect would be to limit the claim or lien against the property to the amount of the penalty in the bond; to that amount the attachment would be good in any event.

The defendant next contends that the attachment proceedings were void because of the failure of the affidavit of the surety on the attachment bond to comply with the statute. It it provided by Carter's Codes, pt. 4, § 136, that:

"A writ of attachment shall be issued by the clerk of the court in which the action is pending, whenever the plaintiff or any one in his behalf shall make and file an affidavit showing," etc.

Section 137 provides:

"Upon filing the affidavit with the clerk, the plaintiff shall be entitled to have the writ issued as soon thereafter as he shall file with the clerk his undertaking, with one or more sureties, in a sum not less than one hundred dollars, and equal to the amount for which the plaintiff demands judgment, and to the effect that the plaintiff will pay all costs that may be adjudged to the defendant, and all damages that he may sustain by reason of the attachment, if the same be wrongful or without sufficient cause, not exceeding the sum specified in the undertaking. With the undertaking the plaintiff shall also file the affidavits of the sureties, from which affidavits it must appear that such sureties are qualified and that taken together they are worth double the amount of the sum specified in the·undertaking, over all debts and liabilities and property exempt from execution. No person not qualified to become bail upon an arrest is qualified to become surety in an undertaking for an attachment."

The affidavit to the attachment bond in this case is as follows:

"Jack Smith, whose name is subscribed to the above undertaking, being duly sworn, says: That he is a resident of Kayak precinct, territory of Alaska, and is worth the sum of twenty-one hundred and four dollars within the territory of Alaska, over and above all debts and liabilities, and exclusive of property exempt from execution; that he is not a counselor, attorney at law, marshal, deputy marshal, commissioner, clerk of any court or other officer of any court."

It does not appear by the affidavit that the surety is worth double the sum specified in the undertaking, as provided by the

above statute. No reason is assigned or occurs to the court to distinguish the sufficiency of this attachment proceeding on a motion of this character from that on a direct motion to discharge the attachment on the same grounds. If there is any difference, it would not make in defendant's favor, as the attack here is quasi collateral.

It will be noted that the statute does not expressly make the filing of the affidavits of the sureties a prerequisite to the issuance or levy of the writ, for the provision is:

"Upon filing the affidavit with the clerk, the plaintiff shall be entitled to have the writ issued as soon thereafter as he shall file with the clerk his undertaking. * * * "

The express conditions imposed concerning the affidavit and bond are completed at the end of the first sentence of section 137, supra. The second sentence in that section provides for the filing of the sureties' justification. The language is mandatory, and it is not doubted that the court would compel compliance, but it does not follow that, for want of it in the first instance, the proceeding entirely fails.

Attachment being in derogation of the common law, the courts usually, in the absence of any statutory provision to the contrary, construe the statutes strictly in favor of those against whom the proceeding is employed, and exact of the plaintiff a strict compliance with all of the statutory requirements. 4 Cyc. p. 400.

The proceeding by attachment is a favorite of the Legislatures, and in a number of jurisdictions it is now expressly provided that the statutes shall not be strictly construed, and in other states the courts, having regard to the intention of the Legislatures, have adopted a more liberal construction, independently of express statutory provisions. Id. p. 401.

There is no express provision in the chapter of the Alaska Code providing for attachment and the proceedings therefor forbidding a strict construction, but section 151, pt. 4, of Carter's Codes, provides:

"The defendant may, at any time before judgment, except where the cause of attachment and the cause of action are the same, apply to the court or judge thereof where the action is pending, to

discharge the attachment, in the manner and with the effect as provided in sections one hundred and twenty-one and one hundred and twenty-two for the discharge of a defendant from arrest."

Sections 121 and 122 therein referred to provide:

"Sec. 121. A defendant arrested may, at any time before judgment, apply on motion to the court or judge thereof in which the action is pending upon notice to the plaintiff to vacate the writ of arrest.

"Sec. 122. If a motion be made upon affidavits or other proofs on the part of the defendant, but not otherwise, the plaintiff may oppose the same by affidavits or other proofs in addition to those upon which the writ was issued. If upon the hearing of such motion it shall satisfactorily appear that there was not sufficient cause to allow the writ, or that there is other good cause which would entitle him to be discharged on habeas corpus the same shall be vacated, or in case he has given bail the court may discharge the same or reduce the amount thereof on good cause shown."

These statutes in effect provide for a liberal construction of the attachment act, by enacting that, when there is "not sufficient cause" for the attachment, "the same shall be vacated." This implies that the want of a "sufficient cause" of attachment is the only thing to be considered fatal to the attachment proceeding; that in other particulars the law will be construed liberally. An irregularity, if curable, may be cured without the failure of the proceeding.

But it is not necessary in this case to invoke this implied provision for a liberal construction of the act to uphold the court's jurisdiction, for section 151, supra, provides for the vacation of attachment proceedings, "except where the cause of attachment and the cause of action are the same." The case before us falls within this exception. Section 135, pt. 4, Carter's Codes, provides that plaintiff may attach the defendant's property "in an action upon a contract, express or implied, for the direct payment of money, and which is not secured by mortgage, lien, or pledge upon real or. personal property, or, if so secured, when such security has been rendered nugatory by the act of the defendant." Plaintiff's affidavit for attachment brings him squarely within this proviso, and the motion to discharge or vacate the attachment will not lie. Bank of Winnemucca v. Mullaney, 29 Or. 268, 45 Pac.

796; Anvil Gold Mng. Co. v. Hoxsie, 125 Fed. 724, 728, 60 C. C. A. 492; Schultz v. Levy, 33 Or. 373, 54 Pac. 184.

Defendant's counsel have referred the court to 4 Cyc. p. 537 (IV), and note 22. The text of that work is based upon the ruling in the case of Tibbet v. Sue, 122 Cal. 206, 54 Pac. 741. In that case the affidavit failed to show that the sureties were householders or freeholders. The California statute expressly provided:

"Before issuing the writ, the clerk must require a written undertaking * * * with *sufficient* sureties. * * *" Code Civ. Proc. § 539.

Another section provided that the officer taking the undertaking in any case must require the sureties to accompany it with an affidavit that they are "each residents and householders or freeholders."

Our statute does not so expressly require a *sufficient* surety before giving the right to the writ. To hold that a bond given by a sufficient surety is fatally defective because he has not made affidavit to being worth twice the amount of the penalty, while conceding that a bond would save the jurisdiction of the court if a worthless surety had sworn he was worth such amount, is to sacrifice substance to form.

Again, the California statute provides:

"If upon such application (to vacate) it satisfactorily appears that the writ of attachment was *improperly* or *irregularly* issued it will be discharged." Code Civ. Proc. § 473.

This shows a legislative intent that the statute shall be strictly construed, while the statute above quoted, controlling in this jurisdiction, is the opposite.

Defendant's motions are therefore denied.