[No. 16645. Department Two. December 30, 1921.]

CHARLES RAZZANO *et al., Respondents,* v. W. T. BURCHAM *et al., Appellants.*[1]

PUBLIC LANDS (72)—EXEMPTIONS — LIABILITY FOR DEBTS—RE-NEWAL NOTES. Under U. S. Rev. Stat. § 2296, exempting public lands from liability to the satisfaction of any debt contracted prior to patent, a renewal note given after patent to replace notes given by the entryman prior to patent, cannot be enforced against the land, as against either the entryman or his grantee.

JUDGMENT (163)—COLLATERAL ATTACK—PUBLIC LANDS—EXEMP-TIONS—LIABILITY FOR DEBTS. An action by the grantee of an entry-man of public land to quiet title as against an execution sale and sheriff's deed to the property, founded on a debt of the entryman prior to patent, is not a collateral attack on the judgment, since the liability of the land to the satisfaction of the judgment was not a question in the action in which the judgment was rendered.

Appeal from a judgment of the superior court for Kittitas county, Truax, J., entered March 4, 1921, in favor of the plaintiffs, in an action to quiet title, tried to the court. Affirmed.

*Pruyn & Hoeffler,* for appellants.

*Eugene E. Wager,* for respondents.

[1]Reported in 203 Pac. 23.

Hovey, J.—In the year 1905, Salvino Razzano, the father of the respondents, made a homestead entry of certain land in Kittitas county, and obtained his patent in November, 1911. In October, 1915, the holder of the patent and his wife conveyed to the respondents. Prior to the issuance of the patent, Salvino Razzano was indebted to the appellant W. T. Burcham, the indebtedness being represented by certain notes. On December 4, 1911, Severina Razzano, the wife of Salvino Razzano, gave a new note which was a renewal of the old notes and the old notes were surrendered. The testimony of the appellant is to the effect that there was an understanding that this new note was to be also signed by Salvino. Suit was brought upon this new note in September, 1915. The wife alone was made party under the first complaint, but thereafter an amended complaint was filed and the husband was joined. Judgment was obtained upon this note against both Salvino and Severina Razzano on November 28, 1916. Execution was issued and the property described in the patent was levied upon and sold to the appellant W. T. Burcham. The sale was thereafter confirmed and sheriff's deed issued.

The present action was brought by the respondents to quiet title to the land. Appellants set up in their answer that the conveyance from the parents to the sons was fraudulent and without consideration. The trial court entered a decree quieting the title to the property in the respondents and adjudging the sheriff's sale to the appellant W. T. Burcham to be null and void.

From the evidence presented, the trial court was justified in finding that the deed under which the respondents claimed title was for a consideration and not made with intention to defraud creditors. But we think that the judgment should also be sustained upon

the ground that the land was not subject to the lien of the judgment under which appellants claim.

Appellants contend that the renewal note is a new obligation and, being dated after the issuance of patent, that the origin of the debt for which it was given cannot be inquired into; and further, that the present action is a collateral attack upon the judgment rendered in the action upon the note. We cannot agree with either contention. U. S. Rev. Stat. 2296, reads as follows:

"No lands acquired under the provisions of this chapter shall in any event become liable to the satisfaction of any debt contracted prior to the issuing of the patent therefor."

This has been the subject of a great many decisions and we will refer to a few of them. Its constitutionality has been upheld in *Ruddy v. Rossi,* 248 U. S. 104, and in that case it was held that the exemption applies to debts incurred between the issuance of the receiver's final receipt and the patent, as well as to prior debts. The exemption extends to the grantee of the entryman. *Dickerson v. Cuthburth,* 56 Mo. App. 647; *Baldwin v. Boyd,* 18 Neb. 444, 25 N. W. 580. The supreme court of Oregon in *Wallowa National Bank v. Riley,* 29 Ore. 289, 45 Pac. 766, 54 Am. St. 794, held that renewals of older notes were but the evidence of the same debt and could not be made liens upon lands patented after the original debt was contracted. This case was followed by *Schultz v. Levy,* 33 Ore. 373, 54 Pac. 184. To the same effect is *Ash v. Eriksson,* 115 Minn. 478, 132 N. W. 997. We find no authority to the contrary. The object of the statute is to secure to the entryman exemption from all contract liabilities prior to patent.

On the question of collateral attack, appellants cite *Watkins Land-Mortgage Co. v. Mullen,* 62 Kan. 1, 61 Pac. 385, 84 Am. St. 372. In that case land of a deceased entryman was sold in a probate proceeding for

the payment of his debts, and in a suit by the heir, who sought to invoke the protection of the exemption statute, the court held that, inasmuch as the probate court had passed upon the question of the liability of the land for the payment of the debts, and had there found that "the requirements of law and the orders of the court had been complied with," this was a finding in opposition to the claim that the land was not liable for the debts, and that the subsequent suit by the heir was in effect a collateral attack. In the present case, no attack was made upon the judgment obtained by the appellant. That judgment merely found a certain sum to be due from the signers of the note to the appellant. The question of the liability of the land to the satisfaction of the judgment has never been a matter of judicial determination until the bringing of the present suit. In practically all the cases where the question has been raised there has either been a suit by the claimants under the holders of the patent to set aside the lien of the judgment, or a suit by the holders of the judgment to subject the land to its payment. In the case of *Schultz v. Levy, supra,* the property had been seized under attachment pending the suit, and the lien of the attachment was continued in effect by the judgment and the property ordered sold thereunder, but it was there held that the subsequent action to free the land from the lien was not a collateral attack.

We find no authority supporting the position of appellants, and in principle they should not prevail.

The judgment appealed from is affirmed.

PARKER, C. J., MAIN, MACKINTOSH, and HOLCOMB, JJ., concur.