## METTLER, RESPONDENT, v. ROCKY MOUNTAIN SECURITY CO. ET AL., APPELLANTS.

(No. 5,276.)

(Submitted September 13, 1923. Decided October 9, 1923.)

[219 Pac. 243.]

*Public Lands—Federal Homestead Act—Construction—Debts Contracted Prior to Patent—Exemption from Execution—Waiver—Estoppel—Special Defenses—Pleading.*

Homesteads—Patent—Immune from Seizure for Compulsory Payment of Pre-existing Debts of Entryman.

1. While under section 2296, United States Revised Statutes, providing that land acquired under the federal homestead laws shall not in any event become liable to the satisfaction of any debt contracted prior to the issuance of patent therefor, the entryman may place a mortgage lien thereon to raise funds to complete the entry, the section renders the land immune against seizure for the compulsory payment of his pre-existing debts.

Same—Federal Act not Exemption Statute—Waiver.

2. *Held*, that section 2296 above is not an exemption statute conferring a personal right or privilege upon the homestead entryman which he may waive, but attaches a condition to the grant which cannot be waived, and that the condition of nonliability for his debts contracted prior to patent follows the land at all times without reference to possession or ownership, so that a *bona fide* purchaser holds it as free from liability therefor as did the entryman himself.

Same—Estoppel by Acquiescence—Pleading—Essentials.

3. To constitute an estoppel by silence or acquiescence, it must be made to appear by the party pleading it that the party to be estopped was bound in equity and good conscience to speak and that the party claiming the estoppel relied upon the acquiescence and was misled thereby to change his position to his prejudice; and therefore omission to allege that the purchaser of homestead land on execution sale relied upon the failure of the entryman to claim exemption rendered his plea of estoppel insufficient.

Same—Estoppel by Acquiescence—Record of Patent—Constructive Notice to Purchaser at Execution Sale.

4. Failure of a homestead entryman to advise the purchaser of the land on execution sale that he claimed exemption did not constitute an estoppel by acquiescence, the fact that it was homestead land, and therefore exempt, having been a matter of record of which the purchaser was bound to take notice.

1. Liability of claim or interest in public lands for debts contracted before issuance of patent, see notes in **Ann. Cas.** 1912D, 282; 8 **A. L. R.** 635; 34 **L. R. A.** (n. s.) 405.

Pleading—Special Defense Available to One Defendant Only, Bad as to All if Joined in by All.
  5.  Where several defendants join in pleading a special defense (estoppel) which is available to one of them only, the pleading is bad as to all.

Federal Homesteads—Nonliability for Pre-existing Debts not Affected by State Statutes.
  6.  The rule of nonliability of lands acquired under the federal Homestead Act for debts contracted by the entryman prior to patent, cannot be changed by state statute.

*Appeal from District Court, Lewis and Clark County; W. H. Poorman, Judge.*

ACTION by Anna E. Mettler against the Rocky Mountain Security Company and others. Judgment for plaintiff and defendants appeal. Affirmed.

*Mr. S. A. Balliet* and *Mr. C. E. Pew*, for Appellant, submitted a brief; *Mr. Pew* argued the cause orally.

*Mr. E. G. Toomey* and *Mr. Frank W. Mettler*, for Respondent, submitted a brief; *Mr. Mettler* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

George E. Beach made entry upon 160 acres of land in Lewis and Clark county under the homestead laws of the United States, and on July 17, 1920, a patent was issued to him. In February, 1921, an execution was issued upon a judgment obtained by W. F. Karbel against Beach in an action upon a note executed by Beach in 1918, and the sheriff assumed to levy the execution upon the land embraced in Beach's homestead entry and thereafter assumed to sell the land at public auction. The Rocky Mountain Security Company was the successful bidder, and to it the sheriff delivered a certificate of sale. About the same time the Flatow Mercantile Company commenced an action to recover upon a debt contracted by Beach during 1918, and caused a writ of attachment to issue, which the sheriff assumed to levy upon the same land. Later

the Mercantile Company recovered a judgment for the amount of its claim.   In December, 1921, Beach conveyed the land to F. W. Mettler, who conveyed it to Anna E. Mettler, and since then she has been and now is the owner.   This action was instituted by Mrs. Mettler to quiet the title to the land and to secure an injunction restraining the sheriff from issuing a deed to the holder of the certificate of sale.   The defendants answered jointly, and upon the complaint and that answer the trial court granted a motion for judgment in favor of the plaintiff, and the defendants appealed from the judgment entered in pursuance of the order.

It is conceded that the pleadings do not raise any material issue of fact; but defendants contend that the judgment should have been in their favor.

Each of the debts upon which Beach was sued was contracted [1]   prior to the time patent was issued to him, and the only property sought to be subjected to the payment of those debts is the land embraced in his homestead entry.   Section 2296, United States Revised Statutes (U. S. Comp. Stats., sec. 4551), provides that land acquired under the homestead laws of the United States shall not in any event become liable to the satisfaction of any debt contracted prior to the issuing of patent therefor.   In construing this statute in the light of its history and purpose, the courts have generally held that the words "any debt" refer to general contract debts, as to which a specific lien has not been voluntarily imposed upon the land by the homestead entryman himself.   In other words, the statute has been construed to permit a homestead entryman to give a valid mortgage upon his claim before patent issues, if he acts in good faith and without design to evade the restrictions imposed by section 2291, United States Revised Statutes (U. S. Comp. Stats., sec. 4532).   These decisions proceed upon the theory that section 2296 was enacted in the interest of the entryman and that it was not intended to restrict his right to raise funds to complete his entry, by impressing a lien upon the land by his own voluntary act, but

was intended to secure the land against seizure for the compulsory payment of his pre-existing debts, whether such debts resulted from his improvidence or misfortune. (*Stark* v. *Morgan,* 73 Kan. 453, 9 Ann. Cas. 930, 6 L. R. A. (n. s.) 934, 85 Pac. 567; *Klempp* v. *Northrop,* 137 Cal. 414, 70 Pac. 284; *Weber* v. *Laidler,* 26 Wash. 144, 90 Am. St. Rep. 726, 66 Pac. 400.) That particular construction aside, the courts have uniformly held that section 2296 means just what it says: That land acquired under the homestead laws of the United States shall not in any event become liable to the satisfaction of any debt contracted by the entryman prior to the issuing of patent therefor.

Counsel for defendants contend that section 2296 is an [2] exemption statute, that the right or privilege granted by it may be waived, that in this instance Beach waived such right or privilege, and that neither he nor his successor in interest may now assert it. In some of the states, local exemption statutes are held to confer a right; in others, a bare personal privilege. In *Mennell* v. *Wells,* 51 Mont. 141, 149 Pac. 954, this court held that our exemption statutes confer a right, as distinguished from a personal privilege. But these decisions are entirely beside the question, for section 2296 is not an exemption statute within the ordinary meaning of those terms. It was not enacted in pursuance of the police power, as are exemption statutes, but by virtue of the power conferred upon the Congress to dispose of the public lands. Instead of conferring upon the entryman a mere personal right or privilege, it attaches a condition to the grant of the land itself, and everyone who receives a patent under its provisions takes the land subject to that condition in the grant (*First State Bank* v. *Bottineau County Bank,* 56 Mont. 363, 8 A. L. R. 631, 185 Pac. 162), or, stated somewhat more succinctly, section 2296 means that a creditor cannot by any possible means acquire an involuntary lien upon the land embraced in a homestead entry to secure satisfaction of a debt contracted before patent issues (*Gilkerson-Sloss Co.* v. *Forbes,*

54 Ark. 148, 26 Am. St. Rep. 29, 15 S. W. 191; *Ash* v. *Ericksson,*
115 Minn. 478, 132 N. W. 997); and the reason is that by the
terms of the grant the Congress has placed the land beyond
the reach of any legal process which might be issued for such
purpose. And this condition of nonliability follows the land
at all times and without reference to the question of possession
or ownership, so that a *bona fide* purchaser holds it as free
from liability for the debts of the homestead entryman con-
tracted before patent issued, as did the entryman himself.
(*Russell* v. *Lowth,* 21 Minn. 167, 18 Am. Rep. 389; *Baldwin*
v. *Boyd,* 18 Neb. 444, 25 N. W. 580; *Miller* v. *Little,* 47 Cal.
348.) Since section 2296 attaches a condition to the grant,
and does not confer a mere personal right or privilege upon
the homestead entryman, the doctrine of waiver has no ap-
plication to a case of this character.

Counsel for defendants cite and rely upon *Doran* v. *Ken-
nedy,* 122 Minn. 1, 141 N. W. 851; s. c., 237 U. S. 362,
59 L. Ed. 996, 35 Sup. Ct. Rep. 615 [see, also, Rose's U. S.
Notes]. The facts in that case were that Edward O. Norton
made final proof upon his homestead entry, but died before
patent actually issued. An administrator of his estate was
appointed, who in due course sold the land under an order
of the probate court. Doran, one of the Norton heirs, then
brought suit to quiet title against Kennedy, the purchaser at
the administrator's sale, and prevailed in the lower court. On
appeal the judgment was reversed. The court considered and
determined three questions only: (1) That the probate court
had jurisdiction to appoint the administrator; (2) that the
land became a part of the Norton estate, and subject to the
jurisdiction of the probate court; and (3) that the order of the
probate court (a court of general jurisdiction in Minnesota)
directing a sale of the land was not open to the collateral at-
tack which was made upon it, but that the remedy was by
an appeal from the order directing the sale. In the course of
the opinion the court said: "A person entitled to exemption
under the federal law may waive it by his own voluntary

act, such as by giving a mortgage. He may also waive his exemption by acquiescing in a sale of the land to pay debts from which it is in fact exempt.'' Since there was not any question of waiver involved, the language quoted would appear to be *dictum,* but in any event the Minnesota court apparently treats section 2296 as an exemption statute merely, and with that theory we do not agree.

The defendants further undertook to plead an estoppel. [3, 4] They alleged, in substance, that on the date of the sale under the Karbel execution Beach made application to the court to set aside the judgment and stay the execution, but not upon the ground that the property was not liable to seizure in satisfaction of his pre-existing debt; that he stood by while the property was being offered for sale, and never notified the defendants or any of them that he claimed exemption; and that in May, 1921, he wrote a letter to the Flatow Mercantile Company, which is set forth in full. By reason of these facts it is claimed that Beach and his successors in interest are estopped to assert that the land is not liable to seizure and sale in satisfaction of debts contracted by Beach before patent issued to him.

To constitute an estoppel by silence or acquiescence, it must appear that the party to be estopped was bound in equity and good conscience to speak; that the party claiming the estoppel relied upon the acquiescence and was misled thereby to change his position to his prejudice. The land sought to be seized and sold in satisfaction of the Karbel judgment constituted Beach's homestead entry. The record of his patent disclosed that fact, and the purchaser was bound to take notice. Since the land was beyond the reach of execution, Beach was not called upon to say or do anything respecting the proceedings which could not prejudice his rights or inure to the benefit of the purchaser. (*Clark* v. *Bayley,* 5 Or. 343.)

It is not alleged that the Rocky Mountain Security Company purchased upon the faith of Beach's apparent acquiescence; hence there was not any estoppel in favor of that defendant.

(*Yellowstone County* v. *First Trust & Sav. Bank,* 46 Mont.
439, 128 Pac. 596.)

The letter written by Beach was addressed to and affected
**[5]**  the interests of the Flatow Mercantile Company only,
and was not written until long after the pretended sale under
the Karbel execution. Assuming for the purposes of this
appeal only that by reason of the matters stated in that
letter Beach should be estopped to claim that the land is not
subject to the satisfaction of the Mercantile Company's judg-
ment, it is elementary that neither the Rocky Mountain Secur-
ity Company nor the sheriff can take advantage of the defense.
In *Tatem* v. *Eglanol Mining Co.,* 45 Mont. 367, 123 Pac. 28,
this court stated the general rule of law applicable: ''It fol-
lows, from the very principle on which the whole doctrine
of estoppels rests, that they operate neither in favor of nor
against strangers, but affect only the parties thereto and their
privies, either in blood, in estate, or in law, and hence a
stranger can neither take advantage of, nor be bound by, an
estoppel. This principle applies equally by deed, by record,
and *in pais.*'' The rule is equally well established that where
several defendants join in pleading a special defense which is
available to one of them only, the plea is bad as to all. (*Whit-
comb* v. *Hardy,* 68 Minn. 265, 71 N. W. 263; *McCreary* v.
*Jones,* 96 Ala. 592, 11 South. 600; *Fairbanks* v. *Warrum,* 56
Ind. App. 337, 104 N. E. 983, 1141; *Clark* v. *Lathrop,* 33 Vt.
140; *Shannon* v. *Comstock,* 21 Wend. (N. Y.) 457, 34 Am.
Dec. 262; *Deitsch* v. *Wiggins,* 1 Colo. 299; Pomeroy's Code
Remedies, 4th ed., sec. 497; 1 Ency. Pl. & Pr., 861; 31 Cyc.
138; 21 R. C. L., p. 472.)

Our Codes enumerate the property exempt from execution,
**[6]**  including the homestead selected as therein provided, and
fasten the lien of a duly docketed judgment upon all real
property of the judgment debtor not exempt, and declare that
upon a sale of real estate under execution the purchaser is
substituted to and acquires the right, title and interest of the
judgment debtor thereto; but these statutes do not refer

to lands acquired under the homestead laws of the United States, when such lands are sought to be subjected to the payment of the debts of the homestead entryman contracted prior to the issuing of patent, for it is beyond the power of our state legislature to change the rule of nonliability declared by the federal Act. (*Seymour* v. *Sanders,* Fed. Cas. No. 12,690.) If the sheriff had executed and delivered a deed to the Rocky Mountain Security Company, it would not have conveyed any right, title or interest in the land. (*Dickerson* v. *Bridges,* 147 Mo. 235, 48 S. W. 825.)

The joint answer of the defendants does not state a defense, and the trial court properly granted the plaintiff's motion for judgment on the pleadings.

The judgment is affirmed.

*Affirmed.*

Mr. Chief Justice Callaway and Associate Justices Cooper, Galen and Stark concur.